# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NEW LIFE EVANGELISTIC CENTER, INC.,

    Plaintiff,

v.

KATHLEEN SEBELIUS, Secretary, U.S. Department of Health and Human Services, *et al.*,

    Defendants.

Civil Action No. 09-1294
CKK/DAR

## MEMORANDUM OPINION

By an order filed on March 31, 2011 (Document No. 47), the undersigned denied Plaintiff's Petition for Attorney's Fees and Costs ("Petition") (Document No. 25). The basis upon which the undersigned did so is set forth herein.

## BACKGROUND

Plaintiff, New Life Evangelistic Center, Inc. ("New Life"), filed the above-captioned matter on July 13, 2009. *See* Complaint ("Compl.") (Document No. 1). Defendants named in the complaint were Kathleen Sebelius, in her official capacity as Secretary of the U.S. Department of Health and Human Services ("HHS"), and Martha N. Johnson,[1] in her official capacity as Administrator of the U.S. General Services Administration ("GSA"). Plaintiff challenges Defendants' denial of Plaintiff's application made pursuant to Title V of the McKinney-Vento Homeless Assistance Act ("McKinney Act") to use a particular piece of federal

---

[1] Martha N. Johnson was substituted as a defendant in this action upon being appointed as Administrator of the GSA. *See* 12/01/2010 Memorandum Opinion (Document No. 45) at 1 n.1.

property located at 339 Broadway Street, Cape Girardeau, Missouri for a homeless assistance program. *See* 12/01/2010 Memorandum Opinion at 1. Plaintiff moved for a preliminary injunction "which would enjoin any transfer of the property and [asked the Court to] remand the matter back to HHS for a proper and lawful decision." *See* Motion for Preliminary Injunction (Document No. 9) at 3. On December 8, 2009, the Court granted Plaintiff's motion. *Id.* at 22. After further review, Plaintiff received a second denial letter from HHS. Approximately one year later, on December 1, 2010, the Court issued a second Memorandum Opinion denying Plaintiff's second motion for *vacatur*. *See* 12/01/2010 Memorandum Opinion. The Court then dismissed this action in its entirety with the exception of the issues regarding Plaintiff's Petition for Attorney's Fees and Costs ("Petition") (Document No. 25), which was pending at the time of the Court's order. *See* 12/20/2010 Minute Order.

On July 21, 2010, the parties appeared before the undersigned for oral argument on Plaintiff's Petition for Attorney's Fees and Costs. See 07/21/10 ECF Entry; *see also* Transcript (Document No. 43). The court heard argument on issues regarding attorney's fees under 28 U.S.C. § 2412, and these arguments are paralleled to those contained in the parties' written submissions.

**CONTENTIONS OF THE PARTIES**

On March 22, 2010, Plaintiff filed its Petition for Attorney's Fees and Costs pursuant to 28 U.S.C. § 2412. *See* Petition. In its petition, Plaintiff requests an order of the Court awarding Plaintiff $63,496.62. *Id.* at 1. In support of its request, Plaintiff argues that it is a "prevailing party" within the meaning of the statute. Furthermore, Plaintiff cites the correspondence attached

to its petition as a basis for the Court granting its request for fees and costs. Document No. 25-1. Subsequently, on March 30, 2010, Defendants filed their opposition to said petition. Defendants' Opposition to Plaintiff's Petition for Attorney's Fees & Costs Under the Equal Access to Justice Act ("Opposition") (Document No. 26). In opposition to Plaintiff's petition, Defendants submit that Plaintiff is not entitled to attorneys' fees and costs because "(1) its [Equal Access to Justice Act] EAJA petition is untimely; (2) [Plaintiff] is not a "prevailing party" within the meaning of the EAJA; and (3) the government's position did not lack substantial justification." *Id.* at 2.

Regarding the timeliness of Plaintiff's petition, Defendants argue that Plaintiff is "jurisdictionally barred from recovering any EAJA fees or costs from the government . . . " *Id.* Defendants further submit that Plaintiff filed its EAJA petition on March 22, 2010, twelve days following the expiration of the statutory deadline. *Id.* at 3. Furthermore, Defendants cite *Turner v. Dist. of Columbia Bd. of Elections & Ethics*, 183 F. Supp. 2d 22, 26 (D.D.C. 2001), for the proposition that the thirty-day statutory deadline is a jurisdictional prerequisite for an award of attorney's fees and costs.[2] "Because the thirty-day requirement is jurisdictional, neither the Courts nor the parties may waive it." *Turner*, 183 F. Supp. 2d at 26 (citation omitted). Also, "the claim of untimeliness is an affirmative defense and therefore the defendant bears the burden of pleading it." *Id*. Defendants contend that such a late filing is amounts to a waiver of the rights to collect fees and costs. Opposition at 4.

With respect to Plaintiff's status as a "prevailing party" under the EAJA, Defendants proffer that Plaintiff did not succeed on the merits of its underlying claim, and that an order to

---

[2] "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award . . . " 28 U.S.C. § 2412 (d)(1)(B).

vacate and remand an agency decision is insufficient to meet the statutory standard. *Id.* at 5. Defendants, in support of this contention, proffer that a plaintiff must have succeeded on a significant issue in litigation "which achieve[d] some of the benefit the [party] sought in bringing the suit." *Waterman Steamship Corp. v. Maritime Subsidy Bd.*, 901 F.2d 1119, 1121 (D.C. Cir. 1990).

Defendants also argue that their position in denying Plaintiff's application under the McKinney Act was substantially justified. Defendants rely on authority of this Court that holds that "judgment as to the adequacy of an agency's explanation is not only one on which reasonable minds can and frequently do differ, but it is also logically unrelated to whether the underlying agency action is justified for purposes of establishing a defense under the EAJA." *Nat'l Coalition Against the Misuse of Pesticides v. Thomas*, 828 F.2d 42, 45 (D.C. Cir. 1987) (per curiam) (citation omitted).

Defendants' final contention is that the award Plaintiff's requests fees is "excessive" and "insufficiently detailed." Opposition at 9. Defendants proffer that in awarding fees under the EAJA, district courts "have a responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). In arguing the excessiveness of Plaintiff's request, Defendants note that there is a $125 per hour statutory cap on the award of attorney's fees. 28 U.S.C. § 2412(D)(2)(A)(ii). Defendants further argue that billing records provided by Plaintiff do not allow for a determination of the reasonableness of the fees and costs. Opposition at 12.

Plaintiff does not dispute the date of its filing. Plaintiff's Reply Memorandum in Support

of Its Petition for Fees and Costs ("Reply") (Document No. 28) at 5. However, Plaintiff argues that its petition is not time-barred under the EAJA. *Id.* at 4. In support of its position, Plaintiff relies on the holding in *Scarborough v. Principi*, 541 U.S. 401 (2004), in which the Supreme Court held that EAJA's filing deadline for fee applications is not jurisdictional. *Id.* at 414. Plaintiff also argues that Defendants have not shown that the position of the United States was substantially justified in denying Plaintiff's application under the McKinney Act. *See* Reply at 10. Plaintiff further contends that its request for fees should be granted in full. *Id.* at 12.

On July 24, 2010, Plaintiff filed an amendment to its petition for attorney's fees and costs. Plaintiff's Amendment to Petition for Attorney's Fees and Costs ("Amendment") (Document No. 38). Plaintiff sought an award for an additional 61.25 hours worked – which included "hours worked on the day of filing its reply brief, and hours worked in preparation for oral argument." *Id.* at 1-2. Five days later, Defendants filed their opposition to Plaintiff's amendment. Defendants' Opposition to Plaintiff's Amendment to its Petition for Attorney's Fees and Costs ("Opposition to Amendment") (Document No. 39). In their opposition, Defendants reassert that Plaintiff "is not entitled to recovery of any fees or costs related to this litigation because it failed to timely file its EAJA petition, because it is not a prevailing party within the meaning of the EAJA, and because the government's position did not lack substantial justification." *Id.* at 1. Moreover, Defendants submit that Plaintiff's requested fees are "unreasonable." *Id.*

**LEGAL STANDARD**

The Equal Access to Justice Act ("EAJA") provides for the award of attorney's fees and

other expenses to eligible individuals against the government. *See* 28 U.S.C. § 2412. Eligible individuals are parties to a litigation that would be considered a "prevailing party." "The 'plaintiff[] may be considered a 'prevailing party' for attorney's fees purposes if [he] succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Talley v. District of Columbia*, 433 F. Supp. 2d 5, 7 (D.D.C. 2006) (citation omitted). This court recognizes a three-part test for determining whether a litigant qualifies as a prevailing party under 28 U.S.C. § 2412:

> (1) there must be a "court ordered change in the legal relationship" of the parties; (2) the judgment must be in favor of the party seeking fees; and (3) the judicial pronouncement must be accompanied by judicial relief.

*District of Columbia v. Straus*, 590 F.2d 898, 901 (D.C. Cir. 2010) (citation omitted).

The Supreme Court in *Scarborough*, held that EAJA's filing deadline for fee applications is not jurisdictional. *Scarborough*, 541 U.S. at 414. The Court stated: "[a]ccordingly, . . . [EAJA's] 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" *Id.* at 413-14 (citation omitted). Therefore, because EAJA's 30-day filing deadline is not jurisdictional, it is subject to estoppel and equitable tolling. *Currier v. Radio Free Europe/Radio Liberty Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1999).

This Circuit has held that "substantially justified" means "justified to a degree that could satisfy a reasonable person." *Halverson v. Slater*, 206 F.3d 1205, 1208 (D.C. Cir. 2000) (citation omitted). Moreover, the government "has the burden of proving that its position, including both the underlying agency action and its arguments taken in court in defense of its action, were 'substantially justified' within the meaning of the act." *Id.* (citation omitted).

**DISCUSSION**

There is no dispute that Plaintiff did not file his petition for fees and costs within the 30-day period prescribed by 28 U.S.C. § 2412 (d)(1)(B). The statute provides in pertinent part: "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award . . . " *Id.* However, the undersigned finds that the court need not resolve the issue of whether nor not the deadline is jurisdictional, because the undersigned finds that Plaintiff is not a prevailing party.[3]

A plaintiff "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that *directly benefits* the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) (emphasis supplied); *see also Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. Health and Human Resources*, 532 U.S. 598, 603 (2001) ("[p]revailing party," to whom court may award reasonable attorney fees under fee-shifting statutes, is one who has been awarded some relief by court"); *see also Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 945 (D.C. Cir. 2005)("it is now clear that *Buckhannon's* construction of 'prevailing party' also applies to fee claims arising under EAJA") (citation omitted); *accord GasPlus, L.L.C. v. U.S. Dept. of Interior*, 593 F. Supp. 2d 80, 85-86 (D.D.C. 2009).

---

[3] Likewise, the undersigned need not evaluate the reasonableness of the fees and costs requested, or whether Defendants' position was substantially justified.

Here, Plaintiff was granted an preliminary injunction by the Court, which precluded Defendants from disposing of the property, which Plaintiff sought to secure for its own use. In this case, "Plaintiff sought a declaration nullifying and voiding Defendants' denial of its application; an injunction preventing Defendants from taking any further action with respect to that denial and from transferring the property to the 339 Broadway property to any other person or entity; and a remand to Defendant, HHS Secretary Sebelius, to make a proper and lawful final decision with respect to the application." Reply at 2.

The Court finds that Plaintiff did not prevail, in this instance, because after two attempts to receive the excess property from Defendants, Plaintiff was unsuccessful. Thus, Plaintiff did not get the "precise relief that [it] had sought." *See Role Models*, 353 F.3d at 965 (plaintiff entitled to "prevailing party" status under EAJA where the court issued a permanent injunction against the defendant, enjoining government agency from disposing of excess property until it complied with applicable regulatory requirements).

The Court further finds that the preliminary injunction which was granted merely maintained the *status quo*, and afforded Plaintiff an opportunity to amend its application for the property. The preliminary injunction did not have the "comparable 'external effect'" of granting Plaintiff "a substantial part of what plaintiff[] asked the court for in the first place." *Id.* (citation omitted).

Accordingly, the undersigned finds that the preliminary injunction is not a basis upon which to find that Plaintiff is a prevailing party. Finally, the undersigned finds that neither memorandum opinion of the court warrants a finding that Plaintiff "prevailed."

In a Memorandum Opinion dated December 8, 2009 (Document No. 24), the court

New Life Evangelistic Center v. Sebelius, *et al.*, 9

granted summary judgment in favor of Plaintiff, but "the Court [was] not asked to – and [did] not [] – rule upon the ultimate merits of [Plaintiff's] application for the Broadway Property . . ." 12/08/09 Memorandum Opinion at 14-15. The court concluded that "HHS' decision must be vacated and this case remanded to the agency for further consideration." *Id.* at 21. Subsequently, Plaintiff filed its Petition for Attorney's Fees and Costs for the undersigned's consideration. After the case was remanded to HHS for further consideration pursuant to the court's ruling discussed *supra*, Plaintiff did not obtain the property, as its application was denied a second time.

In a 52-page Memorandum Opinion date December 1, 2010, the court rejected all of Plaintiff's arguments regarding the remand. 12/01/2010 Memorandum Opinion. The court's findings included, *inter alia*, the determination that "[Plaintiff] has failed to establish that the proceedings on remand were defective"; "[Plaintiff] has failed to establish prejudicial error," and "Plaintiff has failed to establish that HHS' decision on remand was substantively defective." *Id.* at 12, 32 and 34.

**CONCLUSION**

For all of the foregoing reasons, the undersigned has determined that Plaintiff is not a prevailing party, and therefore is not entitled to recover attorney's fees under April 1, 2010 EAJA.

                                                                        /s/
                                            DEBORAH A. ROBINSON
                                            United States Magistrate Judge