UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW LIFE EVANGELISTIC CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN SEBELIUS, Secretary, U.S. Department of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 09-1294 (CKK) |

**MEMORANDUM OPINION**
(March 9, 2012)

Presently before the Court is Plaintiff's [49] Objection to Magistrate Judge's Ruling. Plaintiff objects to Magistrate Judge Deborah A. Robinson's [47, 48] Memorandum Opinion and Order ("Mem. Opin."), which denied Plaintiff's request for attorney's fees. Magistrate Judge Robinson found Plaintiff was not a prevailing party and thus not eligible for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties fully briefed Plaintiff's objections, which are now ripe for adjudication.[1] For the reasons stated below, the Court finds Magistrate Judge Robinson ultimately reached the correct conclusion in finding Plaintiff is not a prevailing party for purposes of attorney's fees. Therefore Plaintiff's Objections are OVERRULED and Magistrate Judge Robinson's Memorandum Opinion and Order are AFFIRMED.

---

[1] See Pl.'s Obj. to Mag. Judge's Ruling, ECF No. [49] (Pl.'s Obj."); Def.'s Opp'n to Pl.'s Obj., ECF No. [50] ("Def.'s Opp'n"); and Pl.'s Reply to Def.'s Opp'n, ECF No. [51] ("Pl.'s Reply").

## I.  BACKGROUND

Magistrate Judge Robinson's Memorandum Opinion and the Court's December 8, 2009 and December 1, 2010 Memorandum Opinions and Orders, ECF Nos. [23, 24, 44, 45], set forth the relevant factual background and statutory framework of this case in detail, and the Court hereby incorporates those decisions herein.  In brief, Plaintiff New Life Evangelistic Center, Inc., ("New Life"), filed suit against Kathleen Sebelius in her official capacity as the Secretary of the Department of Health and Human Services ("HHS"), and Paul F. Prouty, in his official capacity as Administrator of the U.S. General Services Administration ("GSA," collectively "Defendants").  New Life challenged HHS' denial of New Life's application under Title V of the McKinney-Vento Homeless Assistance Act, to use a particular piece of federal property in Cape Girardeau, Missouri, for a homeless assistance program.  *New Life Evangelistic Ctr., Inc. v. Sebelius*, 753 F. Supp. 2d 103, 108 (D.D.C. 2010).  After reviewing the parties' briefs and the administrative record, the Court found HHS (1) improperly faulted New Life for failing to adequately explain services that were not proposed in New Life's application; (2) failed to address contradictory evidence provided by New Life regarding the need for proposed services for the homeless; and (3) erred when it concluded that New Life's application did not include an explanation of funding for New Life's proposed capital projects.  *Id.* at 111.  The Court vacated HHS' denial of New Life's application, and remanded the case to HHS on December 8 2009.  *Id.*  Upon remand, HHS denied New Life's request to supplement its application.  *New Life*, 753 F. Supp. 2d at 112.  On May 14, 2010, HHS denied New Life's application, "albeit in considerably greater detail and based on somewhat distinct reasoning."  *Id.*; *accord* Joint Status Report, ECF No. [31].  The Court denied New Life's second motion to vacate and remand the decision,

finding New Life failed to show any procedural or substantive errors in HHS' decision. *New Life*, 753 F. Supp. 2d at 135. New Life filed its motion for attorney's fees on March 22, 2010. Pl.'s Mot. for Atty's Fees & Costs, ECF No. [25]. The Court referred Plaintiff's motion for fees to Magistrate Judge Robinson for resolution. 4/13/10 Order, ECF No. [29]. Pursuant to Local Civil Rule 72.2(c), the Court now turns to Plaintiff's objections to Magistrate Judge Robinson's Memorandum Opinion and Order.

## II. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA"), provides that the Court "shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To determine whether a party is a "prevailing party" for purposes of the EAJA, "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010). Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a) ] within 14 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's]

3

order that is *clearly erroneous or is contrary to law*.") (emphasis added).  A court should make such a finding when the court "'is left with the definite and firm conviction that a mistake has been committed.'" *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Entm't*, 659 F.3d 13, 21 (D.C. Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## III.  DISCUSSION

Before Magistrate Judge Robinson, the parties addressed four issues: (1) whether Plaintiff's request for fees was time barred; (2) whether Plaintiff was a prevailing party; (3) whether HHS' conduct was substantially justified; and (4) whether the fees requested by Plaintiff were reasonable.  Magistrate Judge Robinson reached only the second issue, concluding Plaintiff was not a prevailing party and thus not eligible for an award of fees and costs under the EAJA.  Mem. Opin. at 7.  The Court will briefly address the purported jurisdictional issue previously raised by Defendants before reaching the merits of Plaintiff's objection that New Life is in fact a prevailing party.

### A.    *The EAJA Time Limit For Requesting Fees Is Not Jurisdictional*

Defendants initially argued in response to Plaintiff's motion that New Life's request for fees was time barred.  The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B).  The parties agree that New Life filed its motion twelve days after the thirty day deadline expired.  Pl.'s Reply Mem. in Support of its Pet. for Fees & Costs, ECF No. [28], at 5.  Defendants contend the time limit is jurisdictional and not subject to equitable tolling or estoppel.  As Plaintiff notes, the Supreme Court has already resolved this issue:

> In short, § 2412(d)(1)(B) does not describe what "classes of cases," the [court] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly, as *Kontrick* indicates, the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional."

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). Although Plaintiff's request for fees was admittedly filed after the statutory deadline, this Court has jurisdiction to consider Plaintiff's request. Because the Court finds Plaintiff is not eligible for an award of fees, the Court does not address whether the deadline should be tolled, equitably or otherwise.

      B.     *Plaintiff Is Not A Prevailing Party For Purposes Of The EAJA*

      Plaintiff contends that it is a prevailing party in so far as it succeeded in obtaining the initial vacatur and remand of HHS' decision, and seeks fees only related to the work performed to secure the initial remand order and work related to the request for fees. Pl.'s Obj. at 3. New Life specifically argues that Magistrate Judge Robinson erred in finding Plaintiff was not a prevailing party because (1) "in the December 8, 2009 order, this Court granted to New Life substantially all of the relief sought in the complaint"; and (2) the Court enjoined GSA from transferring the property while the remand was pending. Neither of these arguments are persuasive.

      Initially, Plaintiff fundamentally misstates the standard for determining who is a prevailing party. Plaintiff contends that it "must merely be 'awarded some relief by the court'" in order to eligible for a fee award. Pl.'s Mot. at 3-4 (quoting *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 945 (D.C. Cir. 2005)). To the contrary, in this Circuit, the Plaintiff may be considered a prevailing party only if it "'succeeded on any significant issue in litigation which

achieve[d] some of the benefit the parties sought in bringing suit.'" *Waterman S.S. Corp. v. Maritime Subsidy Bd.*, 901 F.2d 1119, 1121 (D.C. Cir. 1990) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989)). "We understand 'benefit' to mean something more than an enhanced legal position in a proceeding that ultimately fails to supply any material relief." *Id.* at 1122. In other words, success upon remand is usually required. *E.g.*, *Von Luetzow v. Dir., Office of Pers. Mgmt.*, 562 F. Supp. 684, 686 (D.D.C. 1983) (denying fees where "plaintiff has regained the status quo rather than prevailed"). Even if the court's ruling "surely improved [plaintiff's] chances," upon remand by "removing an error that at least arguably had caused [its] initial defeat before the agency," the plaintiff is not a prevailing party. *Waterman*, 901 F.2d at 1123. The relevant case law indicates that a plaintiff can be considered a prevailing party regardless of the outcome on remand in two situations, neither of which are applicable to this case. First, a remand order may be sufficient where the terms of the remand are such that "a substantive victory will obviously follow." *Id.*; *see Mass. Fair Share v. Law Enforcement Assist. Admin.*, 776 F.2d 1066, 1068 (D.C. Cir. 1985). Second, a remand order may be sufficient and the end results immaterial where the complaint only sought to correct some procedural error in the agency's decision making process. *E.g., Envtl. Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1257-58 (D.C. Cir. 1993) (finding plaintiff was a prevailing party where complaint only sought a remand order that required agency to engage in notice and comment period); *Edmonds v. FBI*, 417 F.3d 1319, 1322-24 (D.C. Cir. 2005) (holding plaintiff was a prevailing party upon obtaining an order requiring expedited processing of plaintiff's Freedom of Information Act request).

With the proper legal standard in mind, it is clear Magistrate Judge Robinson reached the

correct conclusion in finding New Life is not a prevailing party.  Although the Court's initial summary judgment ruling found three substantive errors in HHS' reasoning, the remand ultimately failed to supply any material relief to New Life.  HHS was free to "reach the exact same conclusion on remand, so long as it [sufficiently] articulate[d] its reasons for doing so." *Roberts v. Harvey*, 468 F. Supp. 2d 147, 150 (D.D.C. 2007); *but cf. Kean for Cong. Comm. v. FEC*, No. 04-0007, 2006 WL 89830, at *1 (D.D.C. Jan. 13, 2006) ("Ultimately, the remand proceedings resulted in a reversal of FEC's original disposition of plaintiff's administrative complaint.  Plaintiff, as a result of the remand proceedings and the FEC's related investigations, has essentially received everything it initially sought to obtain through judicial action.") (citation omitted); *Lynom v. Widnall*, 222 F. Supp. 2d 1, 2 (D.D.C. 2002) (awarding attorney's fees where upon remand Air Force Board for the Correction of Military Records granted plaintiff a retroactive promotion and back pay).  Upon remand, HHS once again denied New Life's application, and the Court denied Plaintiff's second request for vacatur and remand.  Therefore Plaintiff is not a prevailing party for having secured the initial remand.

      Neither of the exceptions to the standard outlined in *Waterman* apply in this case.  First, the Court's remand order reached only three discrete issues, and a victory for New Life upon remand was neither obvious from nor required by the Court's remand Order, as HHS's reconsideration and the Court's second summary judgment decision later bore out.  *But cf. Lake Pilots Ass'n, Inc. v. U.S. Coast Guard*, 310 F. Supp. 2d 333, 338 (D.D.C. 2004) (awarding attorney's fees where agency must re-calculate pilotage rates in plaintiff's favor on remand).  Second, the Complaint does not seek relief from some purely procedural flaw in the agency's review process which could be remedied entirely by remand itself.  For example, the petitioner

in *Reilly* petitioned the D.C. Circuit to set aside an amended rule promulgated by the EPA and to require the EPA to partake in a notice and comment period. 1 F.3d at 1256. Pursuant to the parties' settlement agreement, the court vacated the rule and remanded the case to the EPA, which then published a notice soliciting comments. *Id.* The court found the petitioner was a prevailing party because the remand order provided the entirety of the relief sought: an order requiring a notice and comment period before the rule could go into effect. *Id.* at 1257-58. In this case, New Life's Complaint does not allege a purely procedural error in HHS's evaluation of its application, but rather argues that HHS committed both procedural and substantive errors in denying New Life's application. Unlike in *Reilly*, this Court *never* found that HHS committed any procedural errors during the initial review of Plaintiff's application. Moreover, the Court remanded the case without any procedural limitations or instructions—including those requested by the Plaintiff in the Complaint—and upon review of HHS' decision, the Court denied all of Plaintiff's claims of procedural error. Therefore, New Life's prevailing party status turns on the outcome upon remand as required by *Waterman*, and cannot be based solely on the fact New Life obtained a remand order. *But cf. Michigan v. EPA*, 254 F.3d 1087, 1091 (D.C. Cir. 2001) (holding plaintiff was entitled to attorney's fees where the underlying litigation "concerned a lack of public notice and comment," and plaintiff "obtain[ed] the right to notice an comment on [that] issue"); *Grano v. Barry*, 783 F.2d 1104, 1110 (D.C. Cir. 1986) (holding plaintiffs were a prevailing party where plaintiffs succeeded in requiring a referendum be held before a building could be demolished).

For the same reason, New Life's reliance on *Role Models America, Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004), is misplaced. As in *Reilly*, the plaintiff in *Role Models* sought only to

correct a procedural error, specifically the lack of notice before the Army disposed of Fort Ritchie. *Id.* at 965. After the court entered a permanent injunction barring the sale of Fort Ritchie until the "Government remedies the procedural errors," the court found that "[w]hether or not Role Models eventually acquires Fort Ritchie," plaintiff was a prevailing party eligible for attorney's fees because it obtained "the opportunity to compete for it." *Id.* at 965-66. New Life sought more than a chance to compete for the Missouri property, it sought an order finding HHS substantively erred in denying New Life's application. *See* Compl. ¶ 47. Plaintiff's citation to *Gentry v. Roche*, No. 03-2415, 2005 WL 3274065 (D.D.C. Aug. 31, 2005) is similarly inapposite. In *Gentry*, Judge Gladys Kessler found that the Air Force Board for Correction of Military Records erred in finding that it lacked jurisdiction to consider the Gentry's application, and the Executive Director of the board lacked authority to deny the application. *Gentry v. Roche*, No. 03-2415, Opin. at 7-8 (D.D.C. July 19, 2004). Judge Kessler granted Gentry's request for fees in light of the fact Gentry requested and obtained an order finding the board, and not the Executive Director, was required to consider her application. 2005 WL 3274065, at *1. Here, HHS considered Plaintiff's application, and denied it based on the substance of the application, which Plaintiff challenged in this Court. This substantive challenge requires a substantive outcome in favor of the Plaintiff to make New Life a prevailing party. A procedural victory is insufficient where, unlike in *Gentry*, the Plaintiff challenges the substantive agency decision. The Court cannot ignore New Life's lack of success upon remand.

   The text of the Complaint disproves New Life's assertion that it received "substantially all" of the relief sought. Of the six substantive "causes of action" in the Complaint, the Court granted summary judgment on only three. Compl. ¶¶ 47(b), (f), (g). The Court did not reach

either of the procedural errors asserted in the Complaint (*id.* at ¶¶ 47(a), (h)), and the remand Order did not provide the procedural limitations requested by the Plaintiff. *Cf.* Compl. Relief, ¶¶ 3(a), (b) *with* 12/8/09 Order. New Life's second contention, that the injunction barring GSA from disposing of the property demonstrates New Life is a prevailing party, is likewise unpersuasive. In *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005), the D.C. Circuit noted that there is no *per se* prohibition against a party being considered a prevailing party after obtaining preliminary injunctive relief, even if the case later becomes moot. *Id.* at 946. However, the plaintiffs in *Select Milk Producers* were considered prevailing parties because they permanently saved approximately $5,000,000 as a direct result of the preliminary injunction imposed by the court. *Id.* at 947. By contrast, in this case New Life ultimately received no benefit from GSA's inability to sell the property at issue while New Life's application remained pending on remand. New Life never obtained the property, and there simply was no "concrete and irreversible" relief granted to New Life as a result of the injunction. *Id.*; *accord Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 493 (D.C. Cir. 2003) (holding plaintiff was not a prevailing party where "the [preliminary injunction] merely preserved the *status quo* pending final adjudication of the case"). Therefore Plaintiff cannot be considered a prevailing party and is not eligible for an award of attorney's fees pursuant to the EAJA.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Robinson's Memorandum Opinion and Order are OVERRULED. Plaintiff alleged both procedural and substantive errors with HHS' initial review of Plaintiff's application, and thus was required to succeed upon remand in order to be considered a prevailing party. Ultimately because HHS

once again rejected Plaintiff's application on remand, and the Court reject Plaintiff's challenges to the revised determination, Plaintiff did not achieve sufficient success on its claims to be considered a prevailing party eligible for an award attorney's fees and costs under the Equal Access to Justice Act.  Therefore, Magistrate Judge Robinson's Memorandum Opinion and Order are AFFIRMED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 9, 2012

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge